**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

Ravi Sinha
Assistant U.S. Attorney
Ravi.Sinha@usdoj.gov
(503) 727-1014
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Billy J. Williams, United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

March 24, 2017

Ms. Lisa Ludwig
LUDWIG RUNSTEIN LLC
The Gilbert Building
333 SW Taylor St.
Suite 300
Portland, OR 97204

Re:  *United States v. Heidi Anne McKinney*
     Case No. 3:16-CR-331

Dear Lisa,

This letter will set forth the United States' plea offer in this case.

1.  **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, Heidi Anne McKinney, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.  **Charges**: Defendant agrees to plead guilty to a one-count superseding Information, which charges the crime of Assault with Intent to Commit a Felony, in violation of Title 18, United States Code, Section 113 (a)(2), within the special aircraft jurisdiction of the United States, pursuant to Title 49, United States Code, Section 46506.

3.  **Penalties**: This charge carries a maximum penalty of 10 years' imprisonment, a $250,000 fine, a term of supervised release of three years, and a $100 statutory fee assessment. Defendant agrees to pay the total fee assessment by the change of plea hearing or explain to the court why this cannot be done.

4.  **Dismissal/No Additional Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to file or seek any new or additional federal criminal charges against defendant in the District of Oregon, presently known to the USAO, arising out of the investigation in this case.

5.  **Sentencing Factors**: The parties agree that the court must determine an advisory sentencing guideline range pursuant to the United States Sentencing Guidelines (U.S.S.G.). The

court will then determine a reasonable sentence within the statutory range after considering the advisory sentencing guideline range and the factors listed in 18 U.S.C. § 3553(a). The parties' agreement herein to any guideline sentencing factors constitutes proof of those factors sufficient to satisfy the applicable burden of proof.

6. **Relevant Conduct**: The parties agree that defendant's relevant conduct, as defined in U.S.S.G. § 1B1.3, includes all of the unlawful conduct alleged in the Indictment. For sentencing purposes, the parties agree that the following guideline calculations presently apply in this case:

Base offense level [U.S.S.G. § 2A2.2 (a)] ...................................................................................14

**Adjusted offense level** ........................................................................................................**14**

7. **Acceptance of Responsibility**: Defendant must demonstrate to the court that she fully admits and fully accepts responsibility for her unlawful conduct in this case. If defendant does so, the USAO agrees to recommend a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any new or additional criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or does anything inconsistent with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

8. **Joint Sentencing Recommendation**: The parties agree that they expect defendant to be classified in Criminal History Category I and have a total offense level of 12, for a range of 10-16 months' imprisonment, within Zone C of the Guidelines' sentencing table. The parties further agree to jointly recommend that defendant be sentenced to thirty-six months' probation and further request that, during defendant's period of probation, she be ordered to undergo mandatory drug and alcohol testing and to participate in and complete mandatory drug and alcohol counseling, as ordered by U.S. Probation. The parties further agree to recommend that defendant be ordered to pay a total of $3,000.00 in restitution within twelve months of the imposition of sentence. Finally, the United States agrees that it will take no position on early termination of defendant's probation if the court imposes the parties' recommended sentence and defendant is fully compliant with the court's conditions for the first eighteen months of her sentence.

9. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds unless (1) the sentence imposed exceeds the statutory maximum, (2) the court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of U.S.S.G. Chapters 4 or 5K, or (3) the court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory sentencing guideline range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255,

Lisa Ludwig
March 23, 2017
Page 3

challenging any aspect of the conviction or sentence on any grounds, except on the ground of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

10.    **Court Not Bound**: Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the court is not bound to adopt or accept the recommendations of the parties or the presentence report writer. Defendant may not withdraw any guilty plea or rescind this plea agreement if the court does not follow the agreements or recommendations herein.

11.    **Full Disclosure/Reservation of Rights**: The USAO reserves the right to oppose or contest any argument made or motion filed by defendant at any time. The USAO also reserves the right to challenge statements of fact or guideline calculations in the presentence report, and will fully inform both the court and the U.S. Probation Office of the facts of this case and the bases for its recommendations.

12.    **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offense between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

13.    **Elements and Facts**: Defendant understands that the elements of the offense of conviction in this case are as follows:

   a. On or about the date alleged in the superseding Information, in the District of Oregon, and to have occurred in the special aircraft jurisdiction of the United States, which requires that it occurred while in flight, which means the moment all external doors are closed following boarding to the moment one external door is opened to allow passengers to leave the aircraft, on an aircraft in the United States. 49 USC §§ 46501 (1) and (2), and 46506 (1);

   b. defendant intentionally used a display of force that reasonably caused a victim, an adult woman, fear of immediate bodily harm; and

   c. defendant did so with the intent to commit a felony, to wit, a violation of 18 U.S.C. § 2244(b).

Defendant agrees that, were this case to go to trial, the United States could admit sufficient evidence to prove each of these elements beyond a reasonable doubt.

Lisa Ludwig
March 23, 2017
Page 4

      Moreover, Defendant stipulates that the United States could prove each of the following facts beyond a reasonable doubt at trial:

    a. On May 8, 2016, Ms. Heidi Anne McKinney assaulted an adult woman while aboard an Alaska Airlines flight from Las Vegas, Nevada to Portland, Oregon.

    b. Specifically, while the flight was in the air, Ms. McKinney intentionally used a display of force that reasonably caused the victim to fear immediate bodily harm. Ms. McKinney did so with the intent to humiliate and harass the victim.

    c. In the course of doing so, Ms. McKinney both made contact with the victim's body, including her inner thigh, and made a series of profane and lewd statements to her.

15.    **Restitution**: Defendant agrees that, pursuant to 18 U.S.C. §3663A and U.S.S.G. 5E1.1 (a) and (b), she shall be ordered to pay mandatory restitution, directing defendant to pay the victim "the full amount of the victim's losses," to include but not limited to, pursuant to § 3663 (b)(2)(A), medical services relating to physical, psychiatric, or psychological care, or any other losses suffered by the victim as a proximate result of the offense. Defendant further agrees to pay a total of $3,000.00 in restitution within twelve months of the imposition of sentence.

16.    **Total Agreement**: This letter states the full extent of the agreement between the parties. The terms offered in this agreement expire on March 25, 2017. There are no other promises, representations, or agreements, either express or implied, by or between the parties. Defendant

//

//

//

//

//

//

//

//

//

//

//

//

Lisa Ludwig
March 23, 2017
Page 5

agrees that no officer, employee, or agent of the United States has threatened or coerced him to induce him to accept this offer.

If defendant wishes to accept this offer under the terms and conditions set forth herein, both of you should sign and date this letter in the spaces provided below. Please attach the signed original to the plea petition, and send me a copy at your earliest convenience.

Sincerely,

BILLY J. WILLIAMS
United States Attorney

Ravi Sinha
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

3/24/17
Date

Heidi Anne McKinney

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

3/24/17
Date

Lisa Ludwig, Attorney for Defendant