BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**RAVI SINHA, LASB #30823**
Assistant United States Attorney
Ravi.Sinha@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
Attorney for the United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:16-CR-00331-BR |
| v. | **UNITED STATES'** <br> **SENTENCING MEMORANDUM** |
| **HEIDI ANNE MCKINNEY,** | |
| **Defendant.** | |

On July 10, Ms. Heidi Anne McKinney will appear before this Court to be sentenced for her violation of 18 U.S.C. § 113(a)(2) (Assault with Intent to Commit a Felony).  In anticipation of her appearance, the United States submits this Memorandum and, consistent with the terms of the parties' Plea Agreement, respectfully asks this Court to (1) sentence Ms. McKinney to thirty-six months of probation, (2) impose mandatory drug and alcohol counseling and monitoring, and (3) order her to pay three-thousand dollars in restitution.

**I.** **Status of the Case**

On August 2, 2016, Ms. McKinney was indicted on one count of Abusive Sexual Contact, in violation of 18 U.S.C. § 2244(b).  Doc. 1.  On August 3, 2016, Ms. McKinney made her Initial Appearance and, consistent with Pre-Trial Services' and the parties' recommendation, was

released on Pre-Trial Supervision Conditions—including, notably, the Condition that she not use, possess, or consume alcohol.  Doc. 7.  On February 9, 2017, Ms. McKinney appeared before the Court for a Change of Plea Hearing.  Docs. 18, 19, and 23.  At the Change of Plea Hearing, the Court inquired of Ms. McKinney and, as the Court's minutes reflect, the Hearing adjourned, with the Court continuing the Change of Plea Hearing to a later date.  Doc. 22.  Following the Court's assent to the parties' scheduling requests (and in light of the Court's schedule), the continuation of the Change of Plea Hearing was held on March 24, 2017 before the Hon. Michael H. Simon.  Docs. 29, 33, and 34.  At that Hearing, Ms. McKinney entered into a Plea Agreement and pled guilty to a one-count Information alleging a violation of 18 U.S.C. § 113(a)(2) (Assault with Intent to Commit a Felony).  Docs. 34 and 36.

In the Plea Agreement, the parties agreed to recommend a sentence of thirty-six months of probation and to request that Ms. Kinney undergo mandatory drug and alcohol monitoring, as well as such drug and alcohol counseling as ordered by U.S. Probation.  Doc. 36.  As part of the Agreement, Ms. McKinney must also pay three-thousand dollars in restitution.  *Id.*

On April 8, 2017, Ms. McKinney was found unconscious and intoxicated at a local bar.  Following this incident, on April 9, 2017, Ms. McKinney self-admitted to an inpatient treatment program, which she successfully completed on June 14, 2017.  Since her departure from the inpatient treatment facility, Ms. McKinney has participated in outpatient treatment three times each week.

## II.     Presentence Report

The Presentence Report appears to recount the facts underlying this case accurately and contains, what the United States believes is, the appropriate calculation of the applicable Guidelines, including correctly categorizing Ms. McKinney in Criminal History Category III.[1]

The Presentence Reports also correctly notes that, in accordance with the parties' Plea Agreement, the United States anticipates moving the Court for a two-level downward departure for Acceptance of Responsibility.  If the United States' departure is accepted, Ms. McKinney's applicable Guidelines range, as correctly calculated in the Presentence Report, is 15-21 months.

## III.    Offense Conduct

On May 8, 2016, a nineteen-year-old woman boarded a flight in Las Vegas to return to her home in Portland.  The woman proceeded to her assigned aisle seat and, as boarding continued, observed that the flight was almost completely full, with the only vacant seats seemingly being the middle and window seats in her row.   Eventually, after everyone else had boarded, the woman heard two adult women board the plane and observed as they proceeded to the woman's row.  The women were talking loudly and being "rowdy".  As they approached, the woman attempted to stand so that the 'rowdy' women could take their seats in her row.  As she did so, one of the 'rowdy' women—later identified as Ms. McKinney—inappropriately placed her hands on the woman's chest, allowing her hands to linger there uncomfortably.

---

[1] Notably, the Presentence Report's criminal history calculation differs from the parties' previous calculation.  *See* Doc. 36.  The United States regrets and apologizes for its error in calculating Ms. McKinney's criminal history at the time of the Plea Agreement.  In light of, *inter alia*, the sentencing factors set forth in 18 U.S.C. § 3553(a), however, the United States continues to believe that a downward variance is appropriate and that the parties' joint sentencing recommendation—*i.e.* thirty-six months of probation, mandatory drug and alcohol counseling and monitoring, and three-thousand dollars in restitution—is sufficient but not greater than necessary to account for Ms. McKinney's criminal activity.

Upon taking her seat, Ms. McKinney attempted to engage the woman (hereinafter "the Victim") in small talk---asking the Victim her name, where she was from, and where she had stayed in Las Vegas   The Victim did not want to engage with Ms. McKinney—partly because Ms. McKinney and her companion (later identified as Ms. McKinney's sister-in-law) appeared to have been drinking, partly because the way in which Ms. McKinney had inappropriately touched the Victim's chest, and partly because Ms. McKinney's 'small talk' consisted of repeatedly insulting the Victim's perceived economic status and bragging of her own purported wealth. Nonetheless, the Victim dutifully attempted to make polite conversation with Ms. McKinney.

It was not to be.  Ms. McKinney harassed and questioned the Victim about her age and where she lived, which the Victim did not want to reveal to Ms. McKinney, and insisted—over the Victim's vocal objections—on taking multiple photographs of the Victim, during which Ms. McKinney placed her arm around the Victim.

As the plane took off, things got worse.  Ms. McKinney continued to harass the Victim, who, at one point, put her hat over her face in an attempt to avoid Ms. McKinney.  Undeterred, Ms. McKinney kept at the Victim, attempting to pressure her into drinking liquor that Ms. McKinney had smuggled onto the plane.  After the Victim refused to drink—and after Ms. McKinney held the small bottle of liquor up to the Victim's face to pressure her—Ms. McKinney threw the bottle in the Victim's lap.

Ms. McKinney escalated things from there, subjecting the Victim to a series of lewd and demeaning taunts and come-ons.[2]   Ms. McKinney's verbal abuse was supplemented by her physical aggression toward the Victim, who is significantly smaller than Ms. McKinney.  This

---

[2] Many of Ms. McKinney's statements and actions are detailed more fully in the Presentence Report at paragraphs 15-28.

included Ms. McKinney licking the Victim's ear, grabbing the Victim's hand and attempting to force her to touch Ms. McKinney's breasts, and placing her hand on the Victim's crotch three separate times as the Victim struggled to stop her.  Eventually—and in spite of the Victim's repeated pleas for Ms. McKinney to stop—the abuse culminated in Ms. McKinney climbing on top of the Victim and telling the Victim that she wanted to "fuck".  As the Victim managed to push Ms. McKinney off of her, Ms. McKinney cursed at the Victim and called her "poor".

Having endured Ms. McKinney's verbal and physical abuse, the Victim overcame her initial shock and managed to compose herself.  She contacted a member of the flight crew who—in spite of the flight being full— moved her away from Ms. McKinney for the remainder of the trip.

### IV.  Mitigating Factors

As detailed above and in the Presentence Report, Ms. McKinney's aggressive criminal behavior is both shocking and abhorrent.  Her Victim, who remains deeply traumatized by Ms. McKinney's unprovoked aggression and abuse, will suffer the effects of Ms. McKinney's actions for the rest of her life.

Viewed in isolation, Ms. McKinney's criminal behavior is certainly deserving of incarceration—and the United States would likely have sought a significant jail sentence under most circumstances.  Here, however, the parties are aware of information that, when considered in light of the 18 U.S.C. § 3553(a) factors, suggests that a lesser sentence is appropriate.  This information, recounted in part in the Presentence Report at paragraphs 60 and 62, as well as information regarding Ms. McKinney's history of alcohol and substance abuse, should serve as mitigating factors in the Court's fashioning of a sentence.

As the Court is aware, criminal defendants often seek to present mitigation evidence at sentencing. Ms. McKinney's case offers the significantly less common instance in which the United States, in light of the 18 U.S.C. § 3553(a) factors, agrees that a downward variance is justified. Moreover, because all of Ms. McKinney's criminal activity appears to be alcohol related, the United States believes that, if Ms. McKinney is made to comply with the conditions of her probation—including drug and alcohol counseling and monitoring—the jointly recommended sentence will, *inter alia*, provide just punishment for Ms. McKinney's current offense, adequately deter criminal conduct, and protect the public from further crimes by Ms. McKinney.

### V.     Sentencing Recommendation

Accordingly, the United States joins Ms. McKinney in respectfully recommending a sentence of thirty-six months of probation, mandatory drug and alcohol counseling and monitoring, and three-thousand dollars restitution.

This is a difficult case—with significant, *sui generis* mitigating and aggravating factors—but the United States believes that such a sentence is just. Though the seriousness of Ms. McKinney's crime and the profound trauma that her Victim has suffered should not—in any way—be minimized, the United States believes that the requested sentence is sufficient but not greater than necessary to achieve the sentencing aims of 18 U.S.C. § 3553.

//

//

//

//

## VI. Conclusion

Accordingly, the United States respectfully asks this Court to impose a sentence of thirty-six months of probation, mandatory drug and alcohol counseling and monitoring, and three-thousand dollars in restitution.

Dated this 5th day of July 2017.

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*/s/ Ravi Sinha*
RAVI SINHA
Assistant United States Attorney
